624 S.E.2d 544

**Vallie HUFFMAN, Plaintiff Below, Appellant,**

v.

**Robert CRINER, Defendant Below, Appellee.**

**No. 32706.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 11, 2005.

Decided Nov. 30, 2005.

Clinton W. Smith, Charleston, for the Appellant.

James M. Cagle, Charleston, for the Appellee.

PER CURIAM:

In this appeal of the August 17, 2004, order entered by the Circuit Court of Kanawha County, Vallie Huffman, as the person who filed the complaint below and who is ostensibly proceeding on behalf of Vallie's, Inc. (hereinafter referred to as "Appellant"), claims the lower court erred by dismissing the complaint against the defendant below, Robert Criner (hereinafter referred to as "Appellee"). The two errors Appellant alleges the trial court committed are: (1) dismissing this case from the docket; and (2) denying Appellant's motion for summary judgment based on Appellee's assertion of his right against self incrimination during discovery. Having completed our review of the briefs and argument of counsel, the certified record and relevant law, we affirm the order of the court below.

## I.  Factual and Procedural Background

Vallie Huffman filed a complaint against Appellee on February 18, 2000, in which she sought damages for destruction of rental property. The complaint contains the assertion that Appellee illegally burned the property in question.[1] During discovery, it was disclosed that Ms. Huffman did not own the subject property personally. Instead the property was allegedly titled to the corporate entity of Vallie's, Inc., of which Ms. Huffman is the sole corporate shareholder. It also surfaced during discovery that Ms. Huffman had filed a personal bankruptcy action and obtained discharge in bankruptcy; however, Ms. Huffman neither listed her holdings un-

---

1. Arson charges were brought against Appellee, however the criminal case was dismissed on May 24, 1999, due to mishandling of evidence.

der the corporate name of Vallie's, Inc. nor did she claim the subject property as an asset or liability in the bankruptcy action.

Ms. Huffman filed a motion for summary judgment, relying on the argument that Appellee's assertion of his right to remain silent during discovery could be used in a civil context to prove by inference that he was responsible for the fire damaging the subject property. Once Appellee discovered the information regarding ownership of the property, he too filed a motion for summary judgment. Thereafter, Ms. Huffman moved to amend her complaint to add Vallie's, Inc. as an additional plaintiff. An order was entered on January 16, 2003. In that order, the presiding judge refused to rule on any issues raised in either of the summary judgment motions which had been ruled on by the judge formerly assigned to the case,[2] noting that "the Court's prior ruling constitutes the law of the case."[3] The lower court did grant summary judgment on the new issue raised by Appellee regarding ownership of the property. The court below concluded as a matter of law that "[t]he Defendant is entitled to a SUMMARY JUDGMENT ... [because] no deed and no record of inheritance ... is offered by plaintiff to support ownership by Vallie E. Huffman of the property in question in this case." Also granted by way of the January 16, 2003, order was Ms. Huffman's motion to amend the complaint to name the proper party plaintiff.[4]

On January 21, 2003, Appellee filed a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, asserting that Vallie's, Inc. was not the record owner of the damaged property. Appellant filed a response to the motion and refuted the facts asserted. Appellee then filed a supplemental motion, arguing that in the event that its primary motion to dismiss was not granted that the

jurisdiction over the claim rested with the bankruptcy court, presumably because Appellant's undeclared interest in the corporation affected the bankruptcy estate, which would have to name the bankruptcy trustee as a party for the matter to proceed. The lower court responded to these motions by order entered March 5, 2003, in which it is stated as a conclusion of law:

> The Court must liberally construe Rule 15 of the West Virginia Rules of Civil Procedure when motions to amend are filed. That Rule provides that the amended complaint relates back to the date of filing when: a) there is no essential change in the cause of action; b) Vallie's, Inc., bears a close relationship to the original Plaintiff; and c) the adverse party is not prejudiced by the assertion of the amendment. *Rosier v. Garron, Inc.,* 156 W.Va. 861, 199 S.E.2d 50 (1973).

Having allowed for filing of a proper amended complaint, the trial court then sustained Appellee's supplemental motion to dismiss for failure to state a claim upon which relief can be granted and stayed the matter for six months so that proper documents could be obtained from the Bankruptcy Court for the Southern District of West Virginia which would allow Vallie's Inc. to go forward with the suit.

A notice of intent to dismiss for inactivity under Rule 41(b) of the West Virginia Rules of Civil Procedure was erroneously issued on March 25, 2004, by the circuit clerk. On April 7, 2004, Appellant filed a motion urging the court not to dismiss the claim on Rule 41(b) grounds, noting that the action had been stayed pending resolution of issues in the bankruptcy court. Appellee responded to this motion on April 14, 2004, contending that the six-month stay imposed by the March 5, 2003, order had expired, and by virtue of the language of the order the mat-

---

2. The judge originally assigned to the case was disqualified because of his association with one of the defense witnesses expected to be called at trial.

3. Appellant's initial motion for summary judgment was denied by order entered May 24, 2001; Appellee's initial motion for summary judgment was denied by order entered December 11, 2001.

4. We note that the style of the case pending reflects Vallie Huffman as the plaintiff and implies that Ms. Huffman is the appellant, but given the lower court's allowance for substitution of parties, the actual party before us as the appellant is Vallie's, Inc.

ter should be dismissed because nothing had been presented to the court demonstrating authority to proceed. No hearing was held before the lower court entered its dismissal of the case on April 15, 2004, for failure to prosecute.

On June 14, 2004, Appellant filed "Plaintiff's Reply to the Defendant's Response to the Plaintiff's Motion [to Not Dismiss]," to which was attached a certified copy of the bankruptcy court order granting the application of the trustee in bankruptcy to employ counsel. The bankruptcy court order had been entered in that court on December 10, 2003. On August 17, 2004, the lower court dismissed this case from its docket. The court expressly took into account the motion not to dismiss, reply to the motion and response to the reply to reach the following conclusion:

> [T]he court finds that it stayed this matter for six (6) months by virtue of its Order of March 4, 2003. Said stay was, therefore, in effect until September 4, 2003. No action was taken in this action until the Motion to Not Dismiss was filed on April 7, 2004. Specifically, no motion to extend the stay or any other action was taken.
>
> Additionally, the Court finds that this matter should not have been dismissed pursuant to Rule 41 (for lack of activity for a period in excess of one (1) year) inasmuch as the matter was stayed for six (6) months. However, the Court finds dismissal was proper as of September 4, 2003, by virtue of the language of the Court's Order of March 4, 2003.

On December 27, 2004, Appellant petitioned this Court to appeal the August 17, 2004, order. We granted the appeal by order dated May 26, 2005.

## II. Standard of Review

■ The errors raised in this appeal involve the lower court's treatment of motions to dismiss and for summary judgment. As we stated in syllabus point two of *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995), "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Likewise, we have held that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Since we apply the same test that the circuit court should have applied initially in these circumstances, we "may rule on any ... ground manifest in the record." *Conrad v. ARA Szabo*, 198 W.Va. 362, 369, 480 S.E.2d 801, 808 (1996).

## III. Discussion

■ Appellant maintains that the manner by which the trial court dismissed this case violated its right to due process of law. Appellant's brief specifically asserts that "[b]y ruling that the case should be dismissed on grounds which the Appellant had no notice and no opportunity to address, the trial court denied the Appellant her [sic] right to due process under the Fourteenth Amendment of the United States Constitution and Article 3 of the West Virginia Constitution." It is not clear to this Court how the basis for dismissal came as a surprise.

■ When the lower court was made aware that Ms. Huffman had no standing to proceed individually in this case and allowed amendment to the complaint to name a corporate entity as the real party in interest, the court also recognized that the matter could not proceed because of the complications created by the bankruptcy action in which Ms. Huffman had not disclosed her interests in that same corporation. The lower court imposed a six-month stay in the instant case so that the real party in interest could be properly qualified and the case could proceed. This procedure is in keeping with our holding in syllabus point five of *Richardson v. Kennedy*, 197 W.Va. 326, 475 S.E.2d 418 (1996),

> [w]hen the ground for dismissal in a case is that the real party in interest did not institute the civil action, the trial court should stay the dismissal of the complaint and establish a reasonable period of time to allow someone to properly qualify as the real party in interest. Rule 17(a), West Virginia Rules of Civil Procedure.

Appellant does not claim that the time period allowed was unreasonable, nor is it claimed that there is any surprise or confusion regarding the grounds on which the stay was

imposed. Because the trustee in bankruptcy succeeded to any claim that Vallie's Inc. had in the property, the case could not proceed until the intention of the bankruptcy court was revealed. The record is devoid of any indication that: (1) the trustee in bankruptcy proceeded to revive the action; or (2) that the bankruptcy court consented to the original plaintiff, Vallie Huffman, proceeding on behalf of Vallie's Inc.

Under these circumstances, we do not find that the lower court abused its discretion by imposing an unreasonable time period within which the real party in interest could be properly qualified pursuant to Rule 17, nor do we find that the court below erred as a matter of law in dismissing the matter from its docket. We find instead that the trial court employed its " 'inherent power to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction.' " Syl. Pt. 3, *Shields v. Romine*, 122 W.Va. 639, 13 S.E.2d 16 (1940) (citation omitted).

Having determined that the lower court committed no error in dismissing this case, no need exists to address the subordinate summary judgment ruling also raised by Appellant in this appeal.

### IV. Conclusion

Finding no error for the above stated reasons, we affirm the August 17, 2004, order of the Circuit Court of Kanawha County.

Affirmed.