# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michael J. Kanode Sr.,**
**Plaintiff Below, Petitioner**

**FILED**

May 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0378** (Mercer County 11-C-603)

**Honorable Anthony Bisaha, Family Court Judge;**
**Michael P. Cooke, McGinnis E. Hatfield Jr.,**
**Mercer County Circuit Court, State of West**
**Virginia, Mercer County, Sherry Denise Kanode,**
**Todd Crescitelli, Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Michael J. Kanode Sr., *pro se*, appeals various orders of the Circuit Court of Mercer County dismissing various defendants from his civil action under 42 U.S.C § 1983.[1] Respondents Honorable Anthony Bisaha, Mercer County Family Court Judge, and State of West Virginia, by John M. Hedges and Stephanie J. Shepherd, their attorneys, filed a summary response. Respondents Michael P. Cooke, McGinnis E. Hatfield Jr., and Todd Crescitelli all filed summary responses, *pro se*.[2]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was convicted of malicious assault, burglary, attempted murder in the first degree, violation of a protective order, wanton endangerment, and assault during the commission of a felony following an attack on his then wife, Respondent Kanode. Petitioner was sentenced to serve fourteen to fifty-six years in prison. Petitioner's criminal appeal was refused on April 8, 2009.

---

[1] The dismissal orders were entered January 23, 2012, February 6, 2012, February 9, 2012, and February 23, 2012.

[2] Although she did not respond to petitioner's appeal, it appears that Respondent Sherry Denise Kanode was dismissed by an order dated January 23, 2012. A copy of the order was mailed to her, but was subsequently returned as not deliverable.

1

There was also a divorce proceeding between petitioner and Respondent Kanode. Respondent Crescitelli represented Respondent Kanode. Respondents Cooke and Hatfield were, in succession, guardians ad litem appointed to represent the interests of petitioner due to his incarceration.[3] Respondent Bisaha was the presiding family court judge.

There was also a civil forfeiture proceeding where some of petitioner's personal property was seized by Respondent State of West Virginia. Respondent Crescitelli interceded in the forfeiture proceeding to ensure that any marital property that had been awarded to Respondent Kanode was not seized by the State.

In his complaint, filed under 42 U.S.C § 1983, petitioner alleged the following:

> From December 14, 2006 all the way up to til now November 2010[,] I have been subjected to injustice, legal cruelty, mental anguish, mental cruelty, misfeasance, physical cruelty, malice, malice in law, malice in fact, particular malice, special malice, discrimination, defamation of character, defamation, slander, slander per se denial, malevolence, vindictiveness, malfeasance due to a bias and prejudice, unfair and impartial court system. Judges, state appointed attorneys, and all individual defendants involved in every single court proceeding I have had in Mercer County[,] Princeton, West Virginia where I was subjected to injustice by all court proceedings and cases I have had due to a conspiracy under color of law all individual defendants conspired with each other and reached a mutual understanding and acted under color of law to undertake a course of action to injure, oppress, threaten, and intimidate, subjected to false imprisonment, wrongful prosecution, malicious prosecution, cruel and unusual punishment, bodily injury.[4]

As relief, petitioner sought unspecified compensatory and punitive damages, medical expenses, court costs and fines, economic damages, just compensation for disposed of property that he says

---

[3] Respondent Cooke also acted as petitioner's trial counsel in the criminal proceeding.

[4] On March 19, 2011, petitioner filed a motion to amend the complaint. His motion was opposed. There is no indication that the circuit court ruled on the motion. On appeal, petitioner makes reference to "proposed" amendments to his complaint but never argues that his motion should have been granted. "Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996). Therefore, this Court considers the issue waived.

was willed to him, and to have his driver's license reinstated.[5]

The circuit court dismissed the various defendants[6] on a number of grounds including the fact that the complaint was conclusory in nature, citing *Par Mar v. City of Parkersburg*, 183 W.Va. 706, 398 S.E.2d 532 (1990) (dismissals of complaints containing only conclusory allegations without the support of material factual allegations will be upheld).[7]

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.,* 194 W.Va. 770, 461 S.E.2d 516 (1995). On appeal, petitioner argues that the circuit court erred in dismissing his complaint. Petitioner asserts that the complaint was not conclusory in nature. The various respondents argue for the circuit court's affirmation.

In explaining that dismissals of complaints containing only conclusory allegations will be upheld, this Court in *Par Mar* noted that "liberalization in the rules of pleading in civil cases does not justify a . . . baseless pleading." 183 W.Va. at 711, 398 S.E.2d at 537 (internal quotations and citations omitted). After careful consideration of petitioner's complaint, this Court finds that the circuit court was correct in summarizing petitioner's allegations as a claim that various entities, including the Mercer County Circuit Court[8] and a family court judge, conspired against him in a "grand conspiracy." Such a claim is frivolous. Because of the lack of factual support, petitioner's complaint is insufficient even to withstand a motion to dismiss. This Court concludes that the circuit court did not err in dismissing petitioner's action.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Mercer

---

[5] In his complaint, petitioner also indicated that he filed federal actions dealing with the same facts as the instant action. The federal actions were dismissed by the United States District Court for the Southern District of West Virginia. *See Kanode v. Swope*, Nos. CIV.A. 1:09-1530, CIV.A. 1:10-0407, CIV.A. 1:11-0994, CIV.A. 1:12-0157 2012 WL 4508138 (S.D. W.Va. September 28, 2012). Petitioner's appeal of the district court's order was subsequently dismissed.

[6] The circuit court conducted a hearing on the motion to dismiss filed by Respondent Bisaha and Respondent State of West Virginia on February 15, 2011. Petitioner was present. The circuit court conducted a hearing on motions to dismiss filed by Respondents Cooke, Hatfield, and Crescitelli on June 6, 2011. Petitioner was present.

[7] To the extent that the circuit court did not explicitly rely on this ground in each dismissal order, this Court notes that it may rule on any ground manifest in the record. *See Huffman v. Criner*, 218 W.Va. 197, 200, 624 S.E.2d 544, 547 (2005). Having found this ground sufficient to affirm the dismissal of petitioner's action, *see* infra, the Court declines to address the other grounds relied upon by the circuit court.

[8] A special judge was appointed to hear the case.

County and affirm its orders dismissing the various defendants.[9]

Affirmed.

**ISSUED:**   May 3, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[9] This Court notes that Respondents Cooke and Hatfield have sought leave to file petitions to be reimbursed for fees and costs in defending themselves against petitioner's action. Respondents Cooke and Hatfield assert that they were appointed pursuant to the Public Defender Services Act, West Virginia Code §§ 29-21-1, *et seq.* Petitioner disputes the assertion that they were appointed under that Act. In either case, those claims should be decided under the provisions of West Virginia Code §§ 29-21-1, *et seq.* rather than before this Court.