# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Eric F.,**
**Plaintiff Below, Petitioner**

**vs)     No. 14-1166** (Tyler County 11-C-31)

**Sheriff's Deputy Dalrymple, et al.,**
**Defendants Below, Respondents**

**FILED**

**January 29, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Eric F.,[1] appearing pro se, appeals three orders of the Circuit Court of Tyler County that dismissed and/or awarded summary judgment in favor of various law enforcement officers, law enforcement agencies, and political subdivisions, that were sued in petitioner's civil action pursuant to 42 U.S.C. § 1983.[2] Respondents West Virginia Department of Public Safety,

---

[1]Because of a need to refer to *Eric. F. v. Plumley*, No. 14-0834 (W.Va. Supreme Court, June 26, 2015) (memorandum decision), which involved petitioner's sexual offenses against the minor daughters of the woman with whom he was living, we use only petitioner's first name and last initial. *See State ex rel. W.Va. Dept. of Human Services v. Cheryl M.*, 177 W.Va. 688, 689 n. 1, 356 S.E.2d 181, 182 n. 1 (1987).

[2]In an order entered on June 28, 2012, the circuit court dismissed the following defendants: Tyler County Commission, West Virginia Department of Public Safety, West Virginia State Police, and West Virginia State Police Superintendent C.R. Smithers. In an order entered on September 16, 2013, the circuit court awarded summary judgment to Sheriff's Deputy Dalrymple, an unknown Assisting Sheriff's Deputy, and Sheriff Earl P. "Bob" Kendle, Jr. In an order entered on October 22, 2014, the circuit court granted the motion to dismiss filed by the Town of Middlebourne. After the October 22, 2014, order dismissed the last defendant remaining in the case, petitioner timely appealed all three orders. *See Riffe v. Armstrong*, 197 W.Va. 626, 637, 477 S.E.2d 535, 546 (1996), *modified on other grounds by Moats v. Preston County Comm'n*, 206 W.Va. 8, 521 S.E.2d 180 (1999) ("[I]f an appeal is taken from what is indeed the last order disposing of the last of all claims as to the last of all parties, then the appeal brings with it all prior orders.").

West Virginia State Police, and West Virginia State Police Superintendent C.R. Smithers, Sheriff's Deputy Dalrymple, an unknown Assisting Sheriff's Deputy, and Sheriff Earl P. "Bob" Kendle, Jr., by counsel Gary E. Pullin and Emily L. Lilly, filed a response.[3] Respondent Town of Middlebourne, by counsel Gary L. Rymer, filed a summary response.[4] Petitioner filed a separate reply to each response.

The Court has considered the parties' briefs and the records in each case. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the records presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In a related criminal case, petitioner pled guilty to two counts of sexual abuse by a parent, guardian, custodian, or other person of trust pursuant to West Virginia Code § 61-8D-5 involving the minor daughters of the woman with whom he was living. Petitioner disputed whether the victims' mother was his live-in girlfriend, alleging that their relationship was not sexual. Nonetheless, petitioner's criminal defense attorney referred to the victims' mother as petitioner's "paramour" and we found that regardless of the exact nature of the relationship, "[p]etitioner does not dispute that . . . the victims and their mother resided in his home." *Eric. F. v. Plumley*, No. 14-0834, at p. 1 n. 4 and pp. 4-5 (W.Va. Supreme Court, June 26, 2015) (memorandum decision).

In the instant civil action filed by petitioner pursuant to 42 U.S.C. § 1983, petitioner avers that various law enforcement officers took him from his residence for questioning about the allegations of sexual misconduct in *Eric F.* without allowing him to secure the residence and his other property. Petitioner complains that instead, the officers ordered him into a police cruiser and turned the residence over to the victims' mother.[5] Consequently, petitioner sued the officers and their employers and/or supervisors (collectively "respondents") for unspecified damages resulting from his property being "stole, lost, or destroyed."

The circuit court dismissed respondents from petitioner's action and/or awarded summary judgment in favor of respondents under a variety of legal theories including the doctrine of qualified immunity. In its September 16, 2013, order, in which the circuit court discussed qualified

---

[3]These respondents also argue that the Tyler County Commission, which did not file a response, was appropriately dismissed from this case.

[4]We note that contrary to petitioner's contentions, the summary response was filed within the time allowed by our November 20, 2014, scheduling order.

[5]The next day, the victims' mother consented to a search of the house. According to the circuit court's September 16, 2013, order, that search "resulted in the retrieval of a blanket and pornographic videos used in the commission of [petitioner's] crimes."

immunity,[6] the court noted that when respondents came to petitioner's residence, they advised petitioner that he was not under arrest[7] and allowed him to take his cell phone and medications to the police station. The circuit court further noted that immediately after the officers and petitioner left, the victims' mother—"[petitioner's] live-in girlfriend"—took possession of the house. Accordingly, the circuit court concluded, as follows:

> 7.    [Petitioner's] claims fail because [respondents] acted with "objective legal reasonableness' when entering [and] exiting [petitioner's] home.

> 8.    Even assuming [petitioner] was arrested in his home, as [petitioner] has alleged, there was probable cause for arrest[8] and multiple loaded firearms . . . in the home[.]

> 9.    The law of eminent domain as alleged by [petitioner] does not apply to law enforcement officers seeking to question a suspect or arrest a suspect.

> 10.    [Respondents] did not take any property belonging to [petitioner].

> 11.    [Respondents] did not seize any property [at that time] for government use.[9]

> 12.    [Petitioner's] home was also occupied by [the victims' mother] and [respondents] had no duty or obligation to allow [petitioner] to "secure his property" before going with [respondents].

Petitioner appeals the circuit court's June 28, 2012, and October 22, 2014, orders dismissing respondents West Virginia Department of Public Safety, West Virginia State Police, and West Virginia State Police Superintendent C.R. Smithers (collectively "West Virginia State

---

[6]To the extent that the circuit court did not explicitly rely on the doctrine of qualified immunity in each of its orders, we note that we may rule on any ground manifest in the record. *See Huffman v. Criner*, 218 W.Va. 197, 200, 624 S.E.2d 544, 547 (2005). Having found this ground sufficient to affirm the circuit court's orders, we decline to address the other grounds relied upon by the circuit court.

[7]While he acknowledges that the questioning that occurred after the officers transported him to the police station was voluntary, petitioner contends that respondents arrested him for the purpose of transporting him.

[8]Prior to the officers arriving at petitioner's residence to locate him for questioning, the victims were interviewed.

[9]*See* fn. 5.

Police"), Tyler County Commission, and Town of Middlebourne. Petitioner also appeals the circuit court's September 16, 2013, order awarding summary judgment in favor of respondents Sheriff's Deputy Dalrymple, an unknown Assisting Sheriff's Deputy, and Sheriff Earl P. "Bob" Kendle, Jr.

We review both an action's dismissal and its disposition on summary judgment de novo. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 773, 461 S.E.2d 516, 519 (1995) (dismissal); Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 190, 451 S.E.2d 755, 756 (1994) (summary judgment). However, we first address two preliminary matters raised by petitioner.

First, petitioner assigns error to the circuit court's decision to proceed with a May 2, 2012, hearing after he failed to appear. In its June 28, 2012, order dismissing respondents West Virginia State Police and Tyler County Commission, the circuit court noted that the Division of Corrections failed to transport petitioner to the hearing on the motion despite the fact that there was a transportation order for it to do so. "Whether a prisoner may appear at [a hearing] is a matter committed to the sound discretion of the trial court[.]" Syl. Pt. 3, in part, *Craigo v. Marshall*, 175 W.Va. 72, 72-73, 331 S.E.2d 510, 511 (1985). The circuit court explained that it knew of petitioner's opposition to the motion to dismiss and the reasons therefor because petitioner "file[d] a written response[.]" Therefore, we find that the circuit court did not abuse its discretion in proceeding with the hearing without petitioner's presence.

Second, petitioner argues that instead of granting respondent Town of Middlebourne's ("Town") motion to dismiss, the circuit court should have awarded him a default judgment against the Town because he filed a motion for it to do so. At the time the circuit court ruled on petitioner's motion and dismissed the Town in its October 22, 2014, order, the Town's motion for leave to file answer out of time was also pending. Because a default judgment was not entered by the time of the Town's motion, we find that the Town was not required to file a motion pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure to set aside a default judgment that never existed. Furthermore, courts look with disfavor on default judgments because "[t]he law strongly favors an opportunity to a defendant to make defense to an action[.]" *Intercity Realty Co. v. Gibson*, 154 W.Va. 369, 376, 175 S.E.2d 452, 456 (1970), *overruled on other grounds by*, *Cales v. Wills*, 212 W.Va. 232, 569 S.E.2d 479 (2002) (Internal quotations and citations omitted.). Therefore, we determine that the circuit court did not err in denying petitioner's motion for default judgment and in addressing the Town's motions for leave to file answer out of time and to dismiss petitioner's action.

Turning to the merits of the circuit court's dismissal and summary judgment orders, we note that while we construe the facts in the non-moving party's favor, "unless there is a bona fide dispute as to the foundational or historical facts that underlie the immunity determination, the ultimate questions of statutory or qualified immunity are ripe for summary disposition." Syl. Pt. 1, in part, *Hutchison v. City of Huntington*, 198 W.Va. 139, 144, 479 S.E.2d 649, 654 (1996). We explained in *Hutchison* that "[t]he very heart of the immunity defense is that it spares the defendant from having to go forward with an inquiry into the merits of the case." 198 W.Va. at 148, 479 S.E.2d at 658. We recently set forth the standard for determining whether a public officer is

4

entitled to qualified immunity from suit, as follows:

> A public officer is entitled to qualified immunity from civil damages for performance of discretionary functions where: (1) a trial court finds the alleged facts, taken in the light most favorable to the party asserting injury, do not demonstrate that the officer's conduct violated a constitutional right; or (2) a trial court finds that the submissions of the parties could establish the officer's conduct violated a constitutional right but further finds that it would be clear to any reasonable officer that such conduct was lawful in the situation confronted. Whenever the public officer's conduct appears to infringe on constitutional protections, the lower court must consider both whether the officer's conduct violated a constitutional right as well as whether the officer's conduct was unlawful.

Syl. Pt. 6, *City of Saint Albans v. Botkins*, 228 W.Va. 393, 394-95, 719 S.E.2d 863, 864-65 (2011).

Petitioner asserts that respondents violated his constitutional rights by not allowing him to secure his residence and other property prior to taking him for questioning. Respondents counter that they have qualified immunity from liability for the manner in which they went into petitioner's home to bring him to the police station. Even assuming, arguendo, the truth of petitioner's allegation that respondents arrested him for the purpose of transporting him, we determine that such action was reasonable in the situation confronted, in which probable cause for arrest was previously established and "multiple loaded firearms" were located inside petitioner's residence. We further note that petitioner was allowed to take certain personal property with him to the police station. As for securing petitioner's house and other property therein, in *Eric F.*, we determined that petitioner did not dispute that another adult lived at his residence. [10] Based on that determination, we find that the circuit court was correct in determining that "[respondents] had no duty or obligation to allow [petitioner] to 'secure his property'" when his house was being left in possession of another adult who could safeguard the property. Therefore, we conclude that the circuit court did not err in finding that respondents had qualified immunity from petitioner's § 1983 action.

For the foregoing reasons, we affirm (1) the June 28, 2012, order of the Circuit Court of Tyler County dismissing West Virginia State Police and Tyler County Commission; (2) the circuit court's September 16, 2013, order awarding summary judgment to Sheriff's Deputy Dalrymple, an

---

[10]While the standard of review with regard to dismissals requires us to consider only facts alleged in petitioner's complaint, it does not prevent us from taking judicial notice of facts previously adjudicated in our memorandum decision in petitioner's criminal case. *See Forshey v. Jackson*, 222 W.Va. 743, 747, 671 S.E.2d 748, 752 (2008) ("Rule 12(b)(6) [of the West Virginia Rules of Civil Procedure] permits courts to consider matters that are susceptible to judicial notice.") (Internal quotations and citations omitted.). We further note that pursuant to Rule 21(a) of the West Virginia Rules of Appellate Procedure, our memorandum decision in *Eric F.* constitutes a decision on the merits.

unknown Assisting Sheriff's Deputy, and Sheriff Earl P. "Bob" Kendle, Jr.; and (3) its October 22, 2014, order, dismissing the Town.

Affirmed.

**ISSUED:** January 29, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II