PATRICK H. SHIELDS, *Relator, v.* J. RANSEL ROMINE, *a Member, etc. et al., Respondents*

(No. 9158)

Submitted November 19, 1940. Decided December 3, 1940.

*Stathers, Stathers & Cantrall* and *Lawrence R. Lynch,* for relator.
*Clifford R. Snider,* for respondents.

HATCHER, JUDGE:

The charter of the City of Clarksburg provides for an elective water board to consist of three members. The charter requires that a quorum for the transaction of business shall consist of at least two members; and that a vacancy of the board "be filled by appointment by the remaining members." A vacancy occurred leaving relator Shields and respondent Romine the remaining members. They could not agree on an appointee. Then a proceeding was brought against Shields under Code, 6-6-7, in which an order was entered removing him from office; but upon bond given, the order was suspended for thirty days to afford him opportunity to apply to this Court for a writ of error. Following the order, Romine appointed respondent Scanes as a member of the board; and the two appointed respondent Rodney as the third member. Relator seeks a writ requiring respondents to abide the suspension of the order by the circuit court.

The statute, 6-6-7, provides that from the date of an order removing an officer until the order becomes final or the matter is otherwise finally disposed of, the vacancy created by the removal may be filled temporarily by a lawful appointee. The statute further provides that an appeal to this Court may be had from the order of removal "in the same manner and with the same right of suspension * * * as in appeals from orders of the governor removing a state officer." 6-6-6 deals with removal of a state officer and provides, that one removed may petition this Court for a suspension or vacation of the removal order; thereupon, that a time shall be fixed by this Court for a hearing on the petition; and that upon such hearing the Court in its discretion may suspend the order.

Respondents take the position that the provision in 6-6-6 for suspending an order of removal is exclusive; that the suspension by the circuit court is therefore ineffective; and that being so, relator has no legal right to the relief he seeks, irrespective of the validity of the several appointments.

The law seems settled that where a statute provides a new method of procedure, it must ordinarily be strictly pursued. 24 St. Ency. of Proc. 95; Lewis' Sutherland, Stat. Constr. (2d Ed.), sec. 627. It is equally settled that procedural statutes will be construed, if possible, in harmony with other recognized procedure. *Federal Credit Co.* v. *Zepernick Grocery Co.*, 153 Miss. 489, 120 So. 173; *Humphries* v. *Davis,* 100 Ind. 274, 50 Am. Rep. 788. The statutory provision that pending the finality of the order removing an officer, the vacancy created by his removal shall be filled by a temporary appointee, shows that the statute intends there shall be no lapse in the office. The charter here contemplates, primarily at least, that the appointing body shall be a quorum—two members—of the board. Had this removal become effective when determined, then the board could have functioned lawfully no longer, unless the one remaining member should have had the power to act for the board. Whether he would, was a question not directly arising in the removal case, and not neces-

sary to decide now. Nevertheless, the circuit court could see that the question would arise if the order became effective at once. To avert this consequence and to assure the board of a temporary quorum, it seems clear that the suspension of the order was a lawful exercise of the inherent power of the court, which is said to be so broad as to warrant every action "reasonably necessary for the administration of justice within the scope of its jurisdiction." 14 Am. Juris., Courts, sec. 171. Some members of this Court are of opinion that irrespective of the contingency, the court had the inherent power to suspend its order.

The writ is issued.

*Writ issued.*

KENNA, JUDGE, dissenting:

The order entered by the circuit court declared the office of Shields vacant. Why? Because, in the opinion of the court, his conduct had disqualified him and under the terms of the Clarksburg charter he, as an official, had ceased to exist. Thereafter the court, in order to allow time to apply for a review, in effect reinstated Shields in the position it had held he could not fill by suspending the operation of its former order for thirty days. To my mind this outcome is entirely inharmonious with viewing a public office as a public trust and with what I think was the plain legislative purpose.

Shields was proceeded against under Code, 6-6-5, 6, 7; the last section containing a provision granting to the body having the power to fill a vacancy, the power to temporarily name a person to discharge the duties of the office vacated pending the period required to elapse before the order of removal becomes final. The water board, however, consisting of three members had then only one remaining member.

When this matter was acted upon by the trial chancellor, if the water board had then had two remaining members, his course would have been plain. It is not to

be supposed that under those circumstances the court would have suspended the effect of its order and in that way have deprived an elective body of the right conferred by Code, 6-6-7, to temporarily fill a vacancy caused by an order of removal. But being confronted by the seeming alternative of leaving it to the one remaining member of the water board to select a person to fill one of the two existing vacancies or, on the other hand, to suspend the effect of the order of removal so that a quorum of the board's membership would remain in office pending an application for review, the trial chancellor took the latter course. In my judgment, the selection of the remaining member, if otherwise qualified, would have acted in a *de facto* capacity at least until the emergency could be presented to this Court which is vested under Code, 6-6-7, with the power to suspend, pending a final review, the effect of an order of removal. This being purely a statutory proceeding, I do not think it was the legislative purpose to confer upon the same person the power to hold that an incumbent is not eligible to discharge a public trust and thereafter to suspend the effect of his mature judgment. If the appellate court entertained the opinion that the circuit judge had erred, suspending the effect of the order of removal pending an appeal would be entirely consistent. This, I believe, was the legislative purpose clearly expressed and for that reason I respectfully disagree with the majority.