# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Richard Gravely,**
**Plaintiff Below, Petitioner**

**vs)   No. 17-0298** (Kanawha County 16-C-1411)

**Sharon L. Mullins,**
**Defendant Below, Respondent**

**FILED**

**November 17, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Richard Gravely, pro se, appeals the March 17, 2017, order of the Circuit Court of Kanawha County dismissing his civil action without prejudice as a sanction for serious litigation misconduct. Respondent Sharon L. Mullins, by counsel Michael L. Powell and Jill E. Lansden, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 14, 2016, the parties were in an accident at an intersection in Charleston, West Virginia, when petitioner was riding a bicycle and respondent was driving a motor vehicle. Officer Bailes of the Charleston Police Department responded to the scene. Officer Bailes found that petitioner was at fault and cited him for going the wrong way on a one-way street.

The next day, petitioner filed the instant civil action in the Circuit Court of Kanawha County ("circuit court") alleging that respondent was negligent and had injured him in the accident. Petitioner sought reimbursement for his medical expenses and an award of an unspecified sum for physical injuries, pain and suffering, and annoyance and inconvenience.

Respondent filed an answer on September 30, 2016, and denied hitting petitioner with her vehicle. Respondent's position was that, though petitioner may have fallen, she stopped her vehicle before she hit him. Moreover, respondent's denial was supported by Officer Bailes's testimony at his December 5, 2016, deposition where he confirmed that there was "no evidence, other than [petitioner]'s accusations, that he, in fact, ever even came in contact with [respondent]'s vehicle."

1

Officer Bailes testified that petitioner challenged the traffic citation in the Charleston Municipal Court ("municipal court") and was found guilty of a one-way traffic violation in a judgment that he was appealing to the circuit court. Also, Officer Bailes testified that petitioner might have had an ulterior motive for wanting to go to the hospital:

Q. Do you recall, when you were on the scene, [whether petitioner] complained about any injuries?

A. When he was on the ground, he said he was hurt, but it didn't seem like that he was really wanting to go to the hospital until he realized that [respondent] wasn't willing to make any under[-]the[-]table deals.

Finally, Officer Bailes testified as follows:

Q. Based on your history and experience in law enforcement and your investigation of the scene that day, there's nothing at all that you found that in any way could make [respondent] in any way responsible for this accident.

A. Yes, that's correct. She is 100 percent innocent. . . .

During discovery, petitioner answered respondent's first set of interrogatories and, in response to one question, stated that, once at the hospital, he "refused" medical treatment. Respondent's attorney requested the phone numbers and addresses of witnesses to the accident that petitioner allegedly found so that the attorney could decide whether to depose them. Petitioner refused to disclose his alleged witnesses' contact information, indicating that he was not authorized to give out their phone numbers and that he did not know where they lived. Petitioner informed respondent's attorney that if he needed to talk to the witnesses before trial, he could do so through petitioner.

On January 4, 2017, respondent sent petitioner a letter stating that if he did not voluntarily dismiss his frivolous action, she would file a motion for sanctions pursuant to Rule 11 of the West Virginia Rules of Civil Procedure. By an email dated January 6, 2017, petitioner refused to voluntarily dismiss his action, stating that he would accept a settlement offer in the amount of $50,000. Respondent subsequently served petitioner with her Rule 11 motion on January 13, 2017, and filed it with the circuit court on January 17, 2017. Petitioner filed a response to the Rule 11 motion on February 2, 2017. In his response, petitioner did not allege any procedural deficiency with respondent's motion.

However, at the March 3, 2017, hearing on the motion, petitioner contended that the motion should be denied because respondent failed to comply with Rule 11(c)(1)(A), which provides that the party to be sanctioned shall be given twenty-one days prior to the motion's filing to withdraw the disputed pleading. By order entered on March 17, 2017, the circuit court rejected petitioner's contention, finding that he did not suffer any prejudice given that fifty days passed between service of the Rule 11 motion on him and the March 3, 2017, hearing. The circuit court

further found that respondent was correct that petitioner filed a frivolous action that "never should have been filed." The circuit court explained as follows:

> 20.    The Court FINDS [that] the claims and other legal contentions made in the [c]omplaint were frivolous in nature, and that the allegations and other factual contentions made in the [c]omplaint do not have any evidentiary support, nor were they likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
>
> ****
>
> 21.    The Court FINDS [that petitioner]'s meritless, frivolous case is wasting the [c]ourt's, counsel's, [respondent's,] and [the] judicial system's time and judicial resources.

The circuit court dismissed petitioner's action as a sanction for serious litigation misconduct pursuant to both Rule 11 and its inherent power to exercise its judicial authority. However, the circuit court denied respondent's requests to be awarded her attorney's fees and costs and to have the action dismissed with prejudice. Rather, the circuit court designated the dismissal as without prejudice.

On the day before entry of the March 17, 2017, order in the instant case, the circuit court held a trial de novo in petitioner's appeal from his municipal court conviction for riding his bicycle the wrong way on a one-way street. In that case, the circuit court found that, though petitioner claimed to have witnesses to the accident, he "presented no witnesses at trial."[1] The circuit court further found that Officer Bailes testified that petitioner's bicycle was "in the roadway facing eastbound on a roadway designated for one-way westbound traffic, which indicated the direction [that petitioner] was traveling when the accident occurred." The circuit court noted that Officer Bailes "spoke only to those individuals involved in the accident, as no other witnesses were present at the scene." Accordingly, the circuit court found petitioner guilty of a one-way traffic violation in that case, imposing a fine and court costs in the total amount of $130. Petitioner did not appeal the circuit court's March 28, 2017, judgment order in that case.[2]

Petitioner appeals the circuit court's March 17, 2017, order entered in the instant matter dismissing his action against respondent without prejudice as a sanction for serious litigation misconduct. "[W]e review imposition of sanctions under an abuse of discretion standard." *State ex rel. Richmond American Homes of West Virginia, Inc. v. Sanders*, 226 W.Va. 103, 112, 697 S.E.2d 139, 148 (2010). Moreover, "[a] court has inherent power to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction." Syl. Pt. 3,

---

[1] Petitioner did testify in his own defense.

[2] We take judicial notice of the circuit court's March 28, 2017, judgment order in No. 16-M-AP-14 and the findings made therein.

*Richmond American Homes*, 226 W.Va. at 105, 697 S.E.2d at 141 (quoting Syl. Pt. 3, *Shields v. Romine*, 122 W.Va. 639, 13 S.E.2d 16 (1940)) (internal quotations and citations omitted).

On appeal, the parties dispute whether respondent complied with the procedural requirements of Rule 11(c)(1)(A) with regard to her motion for sanctions. However, we need not resolve that dispute given the circuit court's reliance on its inherent power as an additional basis for the dismissal of petitioner's action. We held in syllabus point 7 of *Richmond American Homes* that the dismissal of an action "for serious litigation misconduct pursuant to the inherent powers of the court to regulate its proceedings will be upheld upon review as a proper exercise of discretion when trial court findings adequately demonstrate and establish willfulness, bad faith[,] or fault of the offending party." 226 W.Va. at 106, 697 S.E.2d at 142.

We find that petitioner's claim to have found witnesses to the accident was dubious. Petitioner refused to cooperate with respondent's attorney, so the attorney was unable to determine whether there was a need to depose the witnesses, if they existed. In its March 28, 2017, judgment order in the traffic citation appeal, the circuit court found not only that petitioner failed to present any such witnesses at trial, but also that Officer Bailes "spoke only to those individuals involved in the accident, as no other witnesses were present at the scene."

At the time of the circuit court's March 17, 2017, order dismissing petitioner's action in the instant matter, he had already been convicted in the municipal court (whose judgment he then appealed) and Officer Bailes had already been deposed by respondent. Based on Officer Bailes's deposition testimony, we concur in the circuit court's finding that the allegations in petitioner's "complaint do not have any evidentiary support, nor were they likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."

Finally, the circuit court took out much of the harshness of the dismissal by designating it as without prejudice. *See Richmond American Homes*, 226 W.Va. at 113, 697 S.E.2d at 149 (describing dismissal is "the harshest sanction," which should be used sparingly) (internal quotations and citations omitted). Given the two-year statute of limitations for tort actions and the date of the accident, petitioner may simply refile his action.[3] Nevertheless, we agree with the circuit court that the action is frivolous and constituted a waste of the judicial system's valuable time and limited resources.[4] Accordingly, we conclude that the circuit court did not abuse its

---

[3] *See* W.Va. Code § 55-2-12(b).

[4] Based on our prior decisions, petitioner has a history of filing frivolous civil actions. In *Gravely v. Wilson*, No. 15-1110, 2016 WL 4579073 (W.Va. September 2, 2016) (memorandum decision), we affirmed the dismissal of petitioner's action alleging that his insurer violated his right to a jury trial by settling a claim that arose out of an earlier accident and relieving him of liability. In *Gravely v. Macy's*, No. 11-0892, 2012 WL 5232248 (W.Va. October 19, 2012) (memorandum decision), we affirmed the dismissal of petitioner's action for malicious prosecution against a department store, which successfully prosecuted him for shoplifting.

discretion in dismissing petitioner's civil action without prejudice as a sanction for serious litigation misconduct.

For the foregoing reasons, we affirm the circuit court's March 17, 2017, order, dismissing petitioner's civil action.[5]

Affirmed.

**ISSUED:**   November 17, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[5]We note that respondent did not cross-appeal the circuit court's designation of the dismissal as without prejudice.