# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David C. Tabb,**
**Plaintiff Below, Petitioner**

**vs)   No. 17-0095** (Jefferson County CC-19-2016-AA-2)

**Jefferson County Commission,**
**sitting as the Board of Equalization and Review;**
**Jane Tabb, in her official capacity; Patsy Noland, in**
**her official capacity; Josh Compton, in his official**
**capacity; Caleb Hudson, in his official capacity,** *et al.*
**Defendants Below, Respondents**

**FILED**

**March 23, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner David C. Tabb, pro se, appeals four orders of the Circuit Court of Jefferson County. In the first order, entered April 20, 2016, the circuit court denied petitioner's appeal of the assessments of his real property for the 2016 tax year. In the second and third orders, both entered December 30, 2016, the circuit court denied petitioner's motion to amend his appeal of the 2016 tax assessments and his motion to alter or amend the court's April 20, 2016, order denying that appeal. In the fourth order, entered December 30, 2016, the circuit court granted respondents' motion for sanctions by limiting petitioner's right to initiate a legal proceeding to those instances where petitioner gives advance notice to the prospective opposing parties and obtains the court's approval for the proceeding or initiates the proceeding through a West Virginia attorney who certifies, pursuant to Rule 11 of the West Virginia Rules of Civil Procedure, that the proceeding is neither frivolous nor meant to harass. Respondents Jefferson County Commission, sitting as the Board of Equalization and Review; Jane Tabb, in her official capacity; Patsy Noland, in her official capacity; Josh Compton, in his official capacity; Caleb Hudson, in his official capacity, *et al.* (collectively "the county commission"), by counsel Nathan P. Cochran, filed a response.[1] Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

---

[1]Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, the names of the current public officers have been substituted as the respondents in this action.

1

reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner lives and owns real property in Jefferson County, West Virginia. For the 2016 tax year, the Assessor of Jefferson County assessed values for three parcels owned by petitioner: $76,200 for parcel 1 on Map 2, $289,000 for parcel 8 on Map 10, and $44,000 for parcel 8.4 on Map 10. Petitioner appealed these assessments to the county commission. However, at a February 16, 2016, hearing before the county commission, petitioner failed to present any evidence supporting a reduction in the assessments. Rather than presenting his evidence, petitioner requested that all members of the county commission recuse themselves from hearing his appeal because of ongoing litigation between petitioner and the commission. One commissioner was absent, and one commissioner recused herself. But, the other three commissioners denied petitioner's motion for their recusal. As a result, petitioner informed the county commission that he would be "wasting" his time if he presented his evidence and walked out of the hearing. Thereafter, the three county commissioners who did not recuse themselves voted to uphold the three assessments given petitioner's failure to present any evidence that the assessments were wrong.

On March 16, 2016, petitioner appealed the county commission's decision upholding the assessments. Attached to the appeal were certified copies of the orders entered by the county commission with regard to the three parcels. The certified record did not include documents petitioner left with the county commission's secretary during the hearing given that they were never admitted into evidence because petitioner did not request their admission before walking out of the hearing. Accordingly, in an April 20, 2016, order denying petitioner's appeal, the circuit court found that it legally could not rule in petitioner's favor because the record was devoid of any evidence that the assessments were wrong.

On April 26, 2016, the county commission filed a motion for sanctions against petitioner. The county commission invoked both Rule 11 of the West Virginia Rules of Civil Procedure and the circuit court's inherent power to ask that the court limit petitioner's right as a pro se litigant to initiate any "new actions or appeals in any court, other tribunal, commission, or administrative agency." In its motion, the county commission alleged that petitioner had a pattern of engaging in serious litigation misconduct over the course of seven proceedings since 2009. Petitioner subsequently filed a response to the motion for sanctions on May 9, 2016. The county commission filed a reply to the response on May 24, 2016.

On April 27, 2016, petitioner filed a motion to alter or amend the April 20, 2016, order denying his appeal. Finally, on June 30, 2016, petitioner filed a motion to amend his appeal to add the claim that one of the commissioners was morally unfit to hold office on February 16, 2016,[2] when the county commission voted to uphold the tax assessments.

---

[2]After the February 16, 2016, hearing, that commissioner, who voted to affirm the tax assessments, was charged with criminal violations relating to his personal conduct.

2

Accordingly, the circuit court entered three orders on December 30, 2016. First, the circuit court denied petitioner's motion to amend his appeal to add the claim that one of the commissioners was morally unfit to hold office. The circuit court found that the claim was time-barred pursuant to West Virginia Code § 11-3-25(a), which gives the taxpayer thirty days to appeal the county commission's decision, and that the claim did not relate back to any previous claim because it was a new allegation not based on any facts asserted in petitioner's appeal. Next, the circuit court denied the motion to alter or amend the April 20, 2016, order denying the appeal, reiterating that it legally could not rule in petitioner's favor because the record was devoid of any evidence that the tax assessments were wrong.

Finally, in its third December 30, 2016, order, the circuit court found that a sufficient basis existed, given petitioner's misconduct in this and six prior proceedings, to limit his right as a pro se litigant to initiate any "new civil or administrative actions or appeals in any court, commission, administrative body, agency[,] or other tribunal." The circuit court ordered that, before petitioner initiates a new proceeding, he must give advance notice to the prospective opposing parties and obtain the court's approval for the proceeding or initiate the proceeding through a West Virginia attorney who certifies, pursuant to Rule 11, that the proceeding is neither frivolous nor meant to harass.

Petitioner now appeals the various orders entered by the circuit court on April 20, 2016, and December 30, 2016. In syllabus point one of *In re Tax Assessment of Foster Foundation's Woodlands Retirement Community*, 223 W.Va. 14, 672 S.E.2d 150 (2008), we held that circuit court orders are reviewed under the following standard:

> "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syllabus point 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996).

On appeal,[3] petitioner argues that the circuit court erred in denying his appeal of the tax

---

[3]As a preliminary mater, petitioner argues that there is a pending "motion to reconsider," filed January 9, 2017, that has yet to be ruled on by the circuit court. We note that a motion asking the circuit court "to reconsider" previous rulings is not recognized by the modern Rules of Civil Procedure. *See James M.B. v. Carolyn M.*, 193 W.Va. 289, 294, 456 S.E.2d 16, 21 (1995). On the other hand, a timely filed Rule 59(e) motion to alter or amend the December 30, 2016, order imposing sanctions on petitioner would suspend the finality of that order and make it unripe for appeal under syllabus point seven of *James M.B. Id.* at 291, 456 S.E.2d at 18. However, petitioner's motion does not purport to be a Rule 59(e) motion. Rather, petitioner filed the motion pursuant to Rule 24.01 of the West Virginia Trial Court Rules which governs the preparation and submission of orders. We find that the pendency of a "motion to reconsider" purportedly based on Rule 24.01 does not prevent us from considering this appeal in its current posture. Moreover, to the extent that petitioner objects to the drafting of the December 30, 2016, orders by the county commission's attorney, we previously rejected such an argument in *State ex rel. Cooper v.* (Continued . . .)

assessments, in denying his motions to amend the appeal and to alter or amend judgment, and in limiting his right to proceed as a pro se litigant. The county commission counters that the circuit court's orders should be affirmed. We agree with the county commission.

We first address the denial of petitioner's motion to amend his appeal. Pursuant to Rule 15(a) of the Rules of Civil Procedure, "[l]eave to amend should be freely given when justice so requires, but the action of a trial court in refusing to grant leave to amend a pleading will not be regarded as reversible error in the absence of a showing of an abuse of the trial court's discretion[.]" Syl. Pt. 4, *Bowyer v. Wyckoff*, 238 W.Va. 446, 796 S.E.2d 233 (2017) (internal quotations and citations omitted). In this case, the circuit court found that petitioner's new claim was time-barred pursuant to West Virginia Code § 11-3-25(a), which gives the taxpayer only thirty days to appeal the county commission's decision. In *Tax Assessment Against Purple Turtle, LLC v. Gooden*, 223 W.Va. 755, 762, 679 S.E.2d 587, 594 (2009), we reiterated that the thirty-day deadline for filing an appeal from a decision upholding a tax assessment is a "mandatory statutory jurisdictional requirement[ ]." (footnote omitted). Based on our review of the record, we concur with the circuit court's finding that the claim set forth in the motion to amend did not relate back to any previous claim given that it was a new allegation not based on any facts asserted in petitioner's appeal. *See* Syl. Pt. 7, *Dzinglski v. Weirton Steel Corp.*, 191 W.Va. 278, 445 S.E.2d 219 (1994) (holding that an amendment will not relate back to the original pleading pursuant to Rule 15 if it is based on different facts than those previously alleged), *modified on other grounds*, *Tudor v. Charleston Area Med. Ctr., Inc.*, 203 W.Va. 111, 506 S.E.2d 554 (1997). Therefore, we conclude that the circuit court did not abuse its discretion in denying petitioner's motion to amend his appeal.

Next, we address together the denials of petitioner's appeal and his motion to alter or amend judgment. *See* Syl. Pt. 1, *Wickland v. American Travellers Life Ins. Co.*, 204 W.Va. 430, 513 S.E.2d 657 (1998) (holding that the denial of a motion to alter or amend judgment is reviewed under the same standard as the underlying judgment). In syllabus point 5 of *Foster Foundation*, we held that "[a] taxpayer challenging an assessor's tax assessment must prove by clear and convincing evidence that such tax assessment is erroneous." 223 W.Va. at 16, 672 S.E.2d at 152.

In *Foster Foundation*, we rejected arguments similar to ones that petitioner raises here in holding that West Virginia Code § 11-3-24, "which establishes the procedure by which a county commission sits as a board of equalization and review and decides taxpayers' challenges to their property tax assessments, is facially constitutional." 223 W.Va. at 16, 672 S.E.2d at 152, syl. pt. 4. In *Mountain America, LLC v. Huffman*, 224 W.Va. 669, 683, 687 S.E.2d 768, 782 (2009), we rejected an as-applied challenge to the constitutionality of the same statutory procedure including the contention that the taxpayer was denied a fair hearing before an impartial tribunal given that "the county commission has appeared as a party litigant adverse to its appeal." We explained that:

---

*Caperton*, 196 W.Va. 208, 214, 470 S.E.2d 162, 168 (1996), where we stated that we concern ourselves not with the manner in which an order was drafted, "but with whether the findings adopted by the circuit court accurately reflect the existing law and the trial record."

[w]hen balancing the circuit court's interest in acquiring necessary information from the [c]ounty [c]ommission regarding its review of tax appeals, with the general due process interests of the taxpayers to be provided an avenue of appeal from a property tax assessment, we do not believe that this procedure necessarily demonstrates a level of bias constituting a deprivation of the Appellant's due process.

*Id.* at 684, 687 S.E.2d at 783.

Petitioner's arguments that the county commission was not an impartial tribunal are somewhat broader than those presented in *Foster Foundation* and *Mountain America* in that, viewing himself as a concerned citizen, petitioner has been the plaintiff in numerous actions against the county commission regarding such matters as the holding of a special excess levy election and the location of the commission's meeting place.[4] However, in *Mountain America*, we rejected one of the taxpayer's due process claims because it failed to show that it suffered any prejudice. *Id.* at 685, 687 S.E.2d at 784. Similarly, we find that petitioner cannot show any prejudice given that his challenge to the tax assessments failed not because of any perceived bias against him on the part of the county commission, but because he chose to walk out of the February 16, 2016, hearing without presenting his case and without moving his documentary evidence into the record. As found by the circuit court, it legally could not rule in petitioner's favor given that the record was devoid of any evidence that the tax assessments were wrong.[5] *See Foster Foundation*, 223 W.Va. at 16, 672 S.E.2d at 152, syl. pt. 5. Therefore, we conclude that the circuit court did not err in denying petitioner's appeal and his motion to alter or amend judgment.[6]

---

[4]In *Tabb v. Jefferson County Board of Education*, No. 16-0533, 2017 WL 2417111, at *3 (W.Va. June 2, 2017) (memorandum decision), we affirmed the circuit court award of summary judgment to the board of education and the county commission regarding petitioner's claim that they failed to comply with statutory requirements for the holding of a special excess levy election. In *Tabb v. County Commission of Jefferson County*, No. 15-1155, 2016 WL 6819047, at *3 (W.Va. November 18, 2016) (memorandum decision), *cert. denied*, __ U.S. __, 138 S.Ct. 202, 199 L.Ed.2d 114 (2017), we determined that petitioner was precluded from arguing that the county commission must hold its meetings at the Jefferson County Courthouse because he previously agreed, in a settlement agreement, that the Charles Town Library was a lawful and proper place for the commission's meetings.

[5]West Virginia Code § 11-3-25(c) authorizes the circuit court to remand a tax assessment to the county commission for the further development of an inadequate record, but also provides that this option is not available when the record's inadequacy is attributable to the party raising it as an issue. In this case, we agree with the circuit court's finding that the inadequacy of the record is wholly attributable to petitioner's decision to walk out of the February 16, 2016, hearing.

[6]To the extent that petitioner still argues for the disqualification of the circuit court judge and any of this Court's justices, we find that those requests were resolved by prior orders. By administrative order, entered March 22, 2016, the circuit court judge was directed to continue (Continued . . .)

Finally, we address the December 30, 2016, order imposing sanctions. Petitioner argues that the circuit court lacked the authority to enter such an order because this is a tax assessment appeal rather than a civil action. We disagree. "A court has inherent power to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction." Syl. Pt. 3, *State ex rel. Richmond American Homes of West Virginia, Inc. v. Sanders*, 226 W.Va. 103, 697 S.E.2d 139 (2010) (quoting Syl. Pt. 3, *Shields v. Romine*, 122 W.Va. 639, 13 S.E.2d 16 (1940)) (internal quotations and citations omitted). The county commission invoked the circuit court's inherent power and the court found that a sufficient basis existed, given petitioner's misconduct in this and six prior proceedings, to limit his right to initiate various proceedings (defined in the court's order) on his own behalf. Therefore, we conclude that the circuit court possessed the inherent power to sanction petitioner in this proceeding.

Petitioner further argues that the circuit court erred in limiting his right to initiate various proceedings as a pro se litigant without a hearing. "[W]e review imposition of sanctions under an abuse of discretion standard." *Richmond American Homes*, 226 W.Va. at 112, 697 S.E.2d at 148. In syllabus points three and four of *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006), we held as follows:

> 3. "Under West Virginia Constitution art. III, § 17, the right of self-representation in civil proceedings is a fundamental right which cannot be arbitrarily or unreasonably denied." Syllabus Point 1, *Blair v. Maynard*, 174 W.Va. 247, 324 S.E.2d 391 (1984).

> 4. "The fundamental right of self-representation recognized in West Virginia Constitution art. III, § 17 may not be denied without a clear showing in the record that the *pro se* litigant is engaging in a course of conduct which demonstrates a clear intention to obstruct the administration of justice." Syllabus Point 1, *Blair v. Maynard*, 174 W.Va. 247, 324 S.E.2d 391 (1984).

In *Mathena*, the circuit court required a litigant to communicate with the court only through a West Virginia attorney after an implied threat of a "flood" of additional motions in a single letter to the court clerk. *Id.* at 420-21, 633 S.E.2d at 774-75. We reversed the circuit court's order, finding that the pro se litigant's statement, standing alone, did not provide a sufficient basis to limit his right to proceed on his own behalf. *Id.* at 424, 633 S.E.2d at 778. However, we did not find that a hearing was necessary, but only that the litigant must be given "an opportunity to show cause why such a limitation should not be imposed." *Id.* We find that petitioner was provided with such an opportunity because the County Commission put in its motion that it was seeking to limit his right to initiate proceedings as a pro se litigant giving him specific notice of the argument to which he needed to respond in his response.

presiding in this case. By scheduling order, entered February 23, 2017, this Court advised petitioner that, if he desired to seek the disqualification of the justices, he was required to file the appropriate motion pursuant to Rule 33 of the West Virginia Rules of Appellate Procedure and no motion was subsequently filed.

Moreover, unlike the limitation imposed in *Mathena*, the circuit court did not absolutely bar petitioner from acting on his own behalf. Under the circuit court's order, petitioner still may proceed pro se as long as he gives advance notice to the prospective opposing parties and obtains the court's approval for the proceeding. Moreover, having reviewed the December 30, 2016, "Order Granting Motion For Sanctions," we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions which we find clearly show that petitioner has engaged in a course of conduct which demonstrates a clear intention to obstruct the administration of justice (as he did in the instant case by choosing to walk out of the February 16, 2016, hearing). The Clerk is directed to attach a copy of the December 30, 2016, "Order Granting Motion For Sanctions" to this memorandum decision. We conclude that the circuit court did not abuse its discretion in limiting petitioner's right to initiate proceedings on his own behalf as set forth in that order.

For the foregoing reasons, we affirm the circuit court's April 20, 2016, order denying petitioner's appeal of the assessments of his real property for the 2016 tax year and its three orders, entered December 30, 2016, that (1) denied his motion to amend his appeal of the 2016 tax assessments; (2) denied his motion to alter or amend the April 20, 2016, order denying the appeal; and (3) granted the county commission's motion for sanctions by limiting petitioner's right to initiate a legal proceeding to those instances where petitioner gives advance notice to the prospective opposing parties and obtains the court's approval for the proceeding or initiates the proceeding through a West Virginia attorney who certifies, pursuant to Rule 11 of the West Virginia Rules of Civil Procedure, that the proceeding is neither frivolous nor meant to harass.

Affirmed.

**ISSUED:**  March 23, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker