**FILED**
**June 10, 2021**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 19-1037- *Robert Nelson Rector v. Kimberly Kay Ross, formerly known as Kimberly Kay Rector, Jaclyn Belcastro, as power of attorney for Kimberly Kay Ross, Thomas G. Dyer, and The Honorable Lori B. Jackson*

HUTCHISON, Justice, concurring, in part, and dissenting, in part, and joined by Justice Wooton:

I concur with the majority's decision to uphold the dismissal of Mr. Rector's petition for a writ of prohibition against Judge Jackson. However, I disagree with the majority's finding that the monetary fine imposed upon Mr. Schillace was a contempt sanction warranting a jury trial. The circuit court made clear that it "never found [Mr. Schillace] in contempt" and that the sanction was imposed pursuant to the court's "inherent authority to regulate its proceedings." For decades, this Court has recognized that "[a] court 'has inherent power to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction.' 14 Am. Juris., Courts, section 171." Syl. Pt. 3, *Shields v. Romine*, 122 W. Va. 639, 13 S.E.2d 16 (1940). Moreover, this Court has expressly held that "a trial court has inherent power to impose sanctions as a part of its obligation to conduct a fair and orderly trial." Syl. Pt. 4, in part, *Prager v. Meckling*, 172 W. Va. 785, 310 S.E.2d 852 (1983). Because I believe that the circuit court properly exercised its inherent power to impose a sanction, I would have also upheld the $5,000 fine imposed against Mr. Schillace.

1

In *State ex rel. Richmond American Homes of WV, Inc. v. Sanders*, 226 W. Va. 103, 111, 697 S.E.2d 139, 147 (2010), this Court observed that "the inherent power of courts to sanction . . . provides courts with a means to impose sanctions fashioned to address unique problems which may not be addressed within the rules."  Elaborating further, this Court stated:

> When rules alone do not provide courts with sufficient authority to protect their integrity and prevent abuses of the judicial process, the inherent power fills the gap. As early as 1812, the Supreme Court stated that "[c]ertain implied powers must necessarily result in our courts of justice, from the nature of their institution," explaining that such powers "cannot be dispensed with in a court, because they are necessary to the exercise of all others." *United States v. Hudson*, 11 U.S. (7 Cranch) 32, 34, 3 L.Ed. 259 (1812). *The inherent power encompasses the power to sanction attorney* or party *misconduct*, and includes the power to enter a default judgment. Other inherent power sanctions available to courts include fines, awards of attorneys' fees and expenses, contempt citations, disqualifications or suspensions of counsel, and drawing adverse evidentiary inferences or precluding the admission of evidence.

*Sanders*, 226 W. Va. at 111, 697 S.E.2d at 147 (*quoting Shepherd v. American Broadcasting Companies, Inc.*, 62 F.3d 1469, 1474–1475 (D.C.Cir.1995) (emphasis added)).  Of course, this inherent power has its limits and, therefore, "must be exercised with restraint and discretion."  *Sanders*, 226 W. Va. at 112, 697 S.E.2d at 148 (quotations and citation omitted).

The process for reviewing the imposition of sanctions pursuant to a court's inherent power was set forth by Justice Cleckley in *Bartles v. Hinkle*, 196 W. Va. 381, 472 S.E.2d 827 (1996). *Bartles* explains that

> before issuing a sanction, a court must ensure it has an adequate foundation either pursuant to the rules or by virtue of its inherent powers to exercise its authority. The Due Process Clause of Section 10 of Article III of the West Virginia Constitution requires that there exist a relationship between the sanctioned party's misconduct and the matters in controversy such that the transgression threatens to interfere with the rightful decision of the case. Thus, a court must ensure any sanction imposed is fashioned to address the identified harm caused by the party's misconduct.

*Bartles,* 196 W. Va. at 384, 472 S.E.2d at 830, syl. pt. 1, in part. Under syllabus point two of *Bartles*:

> In formulating the appropriate sanction, a court shall be guided by equitable principles. Initially, the court must identify the alleged wrongful conduct and determine if it warrants a sanction. The court must explain its reasons clearly on the record if it decides a sanction is appropriate. To determine what will constitute an appropriate sanction, the court may consider the seriousness of the conduct, the impact the conduct had in the case and in the administration of justice, any mitigating circumstances, and whether the conduct was an isolated occurrence or was a pattern of wrongdoing throughout the case.

*Id.*, syl. pt. 2. The record here shows that the circuit court made these requisite findings in its August 13, 2019, order.

First, the circuit court identified several instances of wrongful conduct on the part of Mr. Schillace in this case, including his "failure to serve the Amended

3

Complaint, his failure to prepare an order from a hearing that had occurred more than three months prior, and his failure to attend a hearing." In addition, the court noted that "at the March 30, 2018 hearing, Defendant Thomas Dyer explained that he failed to attend the February 28, 2018 hearing because he had no notice of the hearing, [a]s a result of Mr. Schillace's failure to prepare an Order from the December 11, 2017 hearing." The court further noted that "the reason for the Filing for the Writ of Prohibition against Family Court Judge Jackson was due to Mr. Schillace's failure to appear before Family Court Judge Jackson on a prior occasion." As the court further explained, when it "granted a stay of further contempt proceedings in Family Court, rather than informing Defendant Family Court Judge Jackson of the stay, Mr. Schillace and his client simply did not show up at the scheduled hearing the day after the entry of the stay." In imposing the sanction, the circuit court considered that "Mr. Schillace's behavior was not an isolated incident;" he had been previously warned that such conduct would result in a sanction;[1] and "no mitigating circumstances were apparent." Thus, based on Mr. Schillace's pattern of wrongdoing in this case, the circuit court imposed the $5,000 fine. Critically, the court explained that it "never found [Mr. Schillace] in contempt of court. Instead . . . the [c]ourt proceeded under its inherent power to regulate its proceedings, and imposed a sanction against Mr. Schillace."

---

[1] As the majority notes in its opinion, the circuit court referenced seven other cases wherein Mr. Schillace exhibited wrongdoing during his representation of other clients. Maj. op. at 7, n.6.

4

Notably, the record shows that despite the sanction, Mr. Schillace continued to defy the circuit court, claiming in one instance that he believed that the sanction was prophylactic in nature and, therefore, he did not need to pay it. Moreover, Mr. Schillace continued to argue that he had submitted the December 11, 2017, hearing order to the court prior to the March 30, 2018, hearing, offering an unsigned letter at a July 13, 2018, hearing that he had obviously just printed from his computer as proof. Based on what had occurred at the March 30, 2018, hearing, the circuit court knew that he had not previously submitted the order.[2]

This Court has held that "[t]rial courts have the inherent power to manage their judicial affairs that arise during proceedings in their courts, which includes the right to manage their trial docket." Syl. Pt. 2, *B.F. Speciality Co. v. Charles M. Sledd Co.*, 197 W. Va. 463, 475 S.E.2d 555 (1996). Given the pattern of misconduct exhibited by Mr. Schillace, which was obviously interfering with the court's ability to manage its docket and conduct proceedings in the case, I believe that the sanction imposed upon him was a proper exercise of the circuit court's inherent power. It is well-established that "[t]he

---

[2] At the July 13, 2018, hearing, the circuit court pointed out that "if the Court had received that order prior to the March 30 hearing if it was hand delivered to this Court [as Mr. Schillace indicated] then there would have been no reason for the Court on that date on page 43 of the transcript from that hearing inquiring or making a statement to Mr. Schillace as to why he failed to prepare the order from that hearing, and that he was directed to do so." The circuit court then stated that it "seems that you [Mr. Schillace] were trying to pull something over the Court's eyes."

power of a court over members of its bar is at least as great as its authority over litigants."

*Roadway Exp. Inc. v. Piper*, 447 U.S. 752, 767 (1980).[3]  As such,

> the inherent power . . . also includes the power to police the conduct of attorneys as officers of the court, and to sanction attorneys for conduct not inherent to client representation, such as, violations of court orders or other conduct which interferes with the court's power to manage its calendar and the courtroom[.]

*U.S. v. Seltzer*, 227 F.3d 36, 42 (2nd Cir.  2000); *see also Davis v. Rupe*, 307 S.W.3d 528, 531 (Tex. App. 2010) (observing that "a trial court has inherent power to discipline an attorney's behavior by imposing sanctions . . . this inherent power exists to enable courts to effectively perform their judicial functions and to protect their dignity, independence, and integrity"); *Barnard v. Wassermann*, 855 P.2d 243, 249 (Utah 1993) (recognizing that "courts of general jurisdiction . . . possess certain inherent power to impose monetary sanctions on attorneys who by their conduct thwart the court's scheduling and movement of cases through the court.").

In my experience, circuit judges are loath to use the inherent power that is bestowed upon them in these circumstances and regularly give attorneys second and even third chances to comply with orders and meet deadlines.  Indeed, the circuit court did so with Mr. Schillace.  However, in rare instances, such as here, where counsel fails to comply

---

[3] In *Piper*, the Supreme Court declared that federal courts have the inherent power to assess attorney's fees against counsel who "willfully abuse judicial processes."  447 U.S. at 766.

with the court's repeated directives, it is necessary for the court to ensure that the administration of justice is not disrupted by wrongdoing on the part of counsel. To that end, courts must be allowed to enforce the appropriate standard of behavior required of attorneys who appear before them by imposing sanctions for such egregious conduct. Unfortunately, as a result of the decision in this case, the majority has needlessly restricted the inherent power of circuit courts that has long been recognized as "necessary for the administration of justice within the scope of their jurisdiction." *Daily Gazette Co., Inc. v. Canady*, 175 W. Va. 249, 251, 332 S.E.2d 262, 264 (1985) (quotations and citation omitted).

Accordingly, I dissent to the majority's decision to the extent that it reverses the imposition of the monetary sanction against Mr. Schillace and remands for a contempt trial. I am authorized to state that Justice Wooton joins in this separate opinion.