# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CHRISTINA M. VOGT,**
**Plaintiff Below, Petitioner**

**vs.) No. 22-ICA-162**            (Cir. Ct. of Berkeley Cnty., No. CC-02-2022-C-214)

**MACY'S, INC. and MACYS.COM, LLC,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Christina M. Vogt appeals the August 24, 2022, order from the Circuit Court of Berkeley County. Respondents Macy's, Inc. and Macys.com, LLC ("Macy's") timely filed a response.[1] Ms. Vogt timely filed her reply. The issues on appeal are whether the circuit court erred in dismissing Ms. Vogt's complaint with prejudice, as well as whether the circuit court abused its discretion by imposing sanctions upon Ms. Vogt pursuant to Rule 11 of the West Virginia Rules of Civil Procedure.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's decision. Accordingly, a memorandum decision is appropriate under the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure. As explained below, the circuit court's order is affirmed, in part, reversed, in part, and remanded to circuit court.

Ms. Vogt was employed by Macy's until she separated from that employment in 2016. After her employment ended, she initiated what has become a long history of self-represented litigation against Macy's and its privies in the Circuit Court of Berkeley County. Because it is relevant to our resolution of this case, a summation of this litigation will follow.

On July 15, 2016, Ms. Vogt filed her complaint against Macy's Corporate Services, Inc., alleging assault, defamation of character, libel, and breach of contract. This case was designated as Civil Action No. 16-C-381. It was removed to the United States District Court for the Northern District of West Virginia on August 22, 2016. Because the parties were contractually obligated to participate in final and binding arbitration through the American Arbitration Association in federal court, Ms. Vogt filed a motion to dismiss her circuit court action and the circuit court dismissed the case without prejudice on October

---

[1] Ms. Vogt is self-represented. Macy's is represented by Joseph U. Leonoro, Esq.

11, 2016. Ultimately, the American Arbitration Association determined that Ms. Vogt had violated its rules and declined to further administer her case. In August 2018, the District Court denied Ms. Vogt's motion to reopen the case due to the failed arbitration. Sometime thereafter, the Fourth Circuit affirmed the district court's ruling.

On March 8, 2019, Ms. Vogt filed Civil Action No. 19-C-101 against Macy's, Inc. in circuit court. This complaint alleged false advertising, intentional infliction of emotional distress, breach of contract, negligence, and obstruction. Macy's, Inc. removed the case to federal court. The district court denied Ms. Vogt's motion to remand the case to state court and granted Macy's motion to dismiss with prejudice on the basis that the litigation privilege applied. On December 28, 2020, the Fourth Circuit affirmed the district court's decision.

Next, Civil Action No. 20-C-125 was filed by Ms. Vogt on May 27, 2020, against Macy's Retail Holdings, Inc.; Macy's Logistics and Operations; and Macys.com, LLC. The causes of action alleged by Ms. Vogt were assault, defamation of character, intentional infliction of emotional distress, negligence, and constructive discharge. On July 8, 2020, the case was removed to federal court. Accordingly, the circuit court entered an order dismissing the case from its docket by order dated November 10, 2020, based on a lack of jurisdiction. On December 10, 2020, the district court granted Macy's defendants' motion to dismiss on the basis that all of Ms. Vogt's claims were barred by the applicable statute of limitations. Before and after the dismissal of her claims, Ms. Vogt sought writs of prohibition to remand the case to state court. However, the Fourth Circuit refused the writs. On October 6, 2021, Ms. Vogt filed a motion in circuit court seeking to amend her complaint to add a new defendant and to reopen the case based on new evidence. By order dated October 7, 2021, the circuit court denied the motion, citing a lack of jurisdiction. Ms. Vogt appealed this ruling to the Supreme Court of Appeals of West Virginia who refused to docket the appeal because it was untimely and incomplete.

Ms. Vogt then filed Civil Action No. 21-C-412 in circuit court against Macy's Logistics and Operations, and Macys.com, LLC on December 17, 2021. This complaint alleged false advertising, intentional infliction of emotional distress, breach of contract, negligence, and obstruction. Similarly, this case was removed to federal court on January 31, 2022. The district court granted Ms. Vogt's motion to remand the case to state court on June 14, 2022. On July 22, 2022, the circuit court granted Macy's motion to dismiss, finding that the doctrines of res judicata and collateral estoppel, the absolute litigation privilege, and the applicable statute of limitations barred Ms. Vogt's claims. The circuit court also found that Ms. Vogt's claims were frivolous and failed on their merits.

Also on July 22, 2022, the circuit court entered an order denying Macy's motion for a prefiling injunction against Ms. Vogt. However, in this order, the circuit court cautioned Ms. Vogt as follows:

[S]hould [Ms. Vogt] file a parallel, duplicative, or substantially similar lawsuit to the lawsuits she has previously filed against Macy's Logistics and Operations, Macys.com LLC[,] and their privies, this Court, pursuant to Rule 11 of the West Virginia Rules of Civil Procedure, will sanction [Ms. Vogt][,] which will include, but not be limited to, a monetary sanction[.]

During the pendency of Civil Action No. 21-C-412, Ms. Vogt also filed Civil Action No. 22-C-49 in circuit court. This case was filed on February 25, 2022, and an amended complaint was filed on March 9, 2022. The amended complaint named Macy's Retail Holdings, Inc.; Macy's Logistics and Operations; Macys.com, LLC; Tonna Bonhoff (c/o Macy's Logistics and Operations); and Mark Snider (c/o Macy's Logistics and Operations) as defendants. The causes of actions alleged were assault, intentional infliction of emotional distress, negligence, and constructive discharge. By order dated June 27, 2022, the circuit court granted the Macy's defendants' and Mr. Snider's motion to dismiss based upon the applicable statute of limitations, res judicata, collateral estoppel, and the fact that the claims were subject to binding arbitration. Also on June 27, 2022, the circuit court entered an order for Ms. Vogt to show cause within fourteen days as to why she had failed to serve Ms. Bonhoff. Ms. Vogt did not respond to the show cause order, and on July 18, 2022, the circuit court entered an order which dismissed Ms. Vogt's claims against Ms. Bonhoff without prejudice due to the lack of personal service.

On June 23, 2022, Ms. Vogt filed Civil Action No. 22-C-182 in circuit court against Macys.com, LLC, and Joseph Leonoro, counsel for Macy's. On July 13, 2022, Ms. Vogt filed an amended complaint, which removed Macys.com, LLC as a defendant, leaving only Mr. Leonoro against whom Ms. Vogt alleged abuse of process. However, on August 1, 2022, Ms. Vogt filed a motion to dismiss the case stating that she was "emotionally and psychologically unable to pursue this matter at this time." Her motion also indicated that she was under medical care and that she would pursue the case "with another agency."[2]

Finally, on August 1, 2022, Ms. Vogt filed the case at bar. The complaint named Macy's Retail Holdings, Inc.; Macy's Logistics and Operations; and Macys.com, LLC as defendants. Against these defendants, Ms. Vogt asserted the claims of constructive discharge, negligence, and breach of contract. Shortly thereafter, the circuit court entered an order setting a show cause hearing for Ms. Vogt to appear and to show cause as to why Rule 11 sanctions should not be imposed because she had filed another similar complaint against Macy's and its privies despite the circuit court's order cautioning her not to do so.

A show cause hearing was held on August 17, 2022. Ms. Vogt made several arguments against the imposition of sanctions. She asserted that her actions were not malicious. Ms. Vogt explained that she had been confused by the circuit court's order

---

[2] Although not clear from the record, we presume that her motion to dismiss was granted.

dismissing Civil Action No. 22-C-49 against Ms. Bonhoff because it was dismissed without prejudice. She acknowledged that the circuit court had previously entered an order dismissing the claims in that case against Macy's, its privies, and Mr. Snider with prejudice. However, she claimed that because the latest order reflected a dismissal without prejudice, she was under the impression that she could refile that lawsuit in its entirety. She further indicated she had consulted an attorney who told her that she could refile the case. Ms. Vogt further averred that her complaint in the present case was distinguishable from the other cases because it raised different causes of action over a different period of time. Ms. Vogt further stated she "got [the court's] message" regarding refiling the same type of complaint, but that she did not violate this directive because her claims in the present case were meant to deal with employment-related claims, while her prior case, Civil Action No. 22-C-49, was related to Macy's and its privies' conduct during the prior arbitration proceedings. Ms. Vogt also stated that she was college educated.

The circuit court found that Ms. Vogt's explanations lacked credibility. It determined that given the multiple cases Ms. Vogt had filed against Macy's, the plethora of legal research she cited in those proceedings, and her purported consultation with legal counsel, Ms. Vogt was a well-spoken, polite, and professional individual who could reasonably comprehend the legal process and the court's directives. Therefore, Ms. Vogt was not confused, but rather, adamant and persistent in her harassment of Macy's, while operating under the misguided belief that her prior civil actions had not afforded her, "her day in court." The circuit court further opined that given Ms. Vogt's education and the significant legal research she had conducted, Ms. Vogt knew or should have known, that her claims did not have merit.

Prior to imposing sanctions, the circuit court provided a synopsis on the record of Ms. Vogt's history of litigation against Macy's, the claims alleged, and the disposition of those prior cases. Those dispositions included dismissals with prejudice on various grounds, such as, litigation privilege, res judicata, collateral estoppel, and statute of limitations, both at the state and federal level. The circuit court went on to note that while some, but not all those cases had been appealed by Ms. Vogt, those appeals had been unsuccessful. Critically, the circuit court found that her complaint in the present case was not only against the same defendants, but that it also alleged causes of actions that were parallel, similar, or verbatim to those previously raised in other litigation. For those reasons, the circuit court determined that Ms. Vogt's present claims had no merit because they were all barred by the doctrines of res judicata and collateral estoppel. As a result, the circuit court concluded that Ms. Vogt's repeated attempts to litigate these same issues constituted harassment under Rule 11 of the West Virginia Rules of Civil Procedure. Moreover, given her vexatious conduct, the circuit court found that absent sanction, Ms. Vogt would not stop filing additional lawsuits against Macy's and its privies.

4

Subsequently, pursuant to Rule 11 of the West Virginia Rules of Civil Procedure, the circuit court elected to impose sanctions against Ms. Vogt. First, the circuit court imposed the following prefiling injunction:

> Thus, this Court **ADJUDGES** and **ORDERS** that Christina Vogt is prohibited from bringing new civil or administrative actions or appeals in any court, commission, administrative body, agency, or other tribunal without first noticing the opposing parties and obtaining leave from the Court, or by obtaining a review and signature from a licensed, practicing West Virginia attorney who certifies the new civil or administrative action or appeal is not filed in violation of Rule 11 of the West Virginia Rules of Civil Procedure.

The circuit court found that while the nature of the sanction was designed to address Ms. Vogt's identified misconduct, it would still allow Ms. Vogt to pursue legitimate causes of action without permitting her to continually file complaints simply for the sake of harassment. In addition to the prefiling injunction, the circuit court also imposed a monetary sanction of $1,000, payable within ninety days. The circuit court found that Ms. Vogt was previously on notice by its July 22, 2022, order that she would be sanctioned by the circuit court if she filed a parallel, duplicative, or substantially similar lawsuit to those she previously filed against Macy's and its privies. Thus, because her present complaint violated this directive, a penalty was warranted.

The circuit court memorialized its ruling in an order entered on August 24, 2022. Shortly thereafter, Ms. Vogt filed a motion to reconsider but by order dated August 31, 2022, the circuit court denied the motion. This appeal followed.

To begin, we find that Ms. Vogt's assignments of error are not clearly stated and are hard to ascertain, making it difficult for the Court to determine the number and precise character of the errors she sets forth.[3] Therefore, we must decline to consider any alleged error that we cannot decipher pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which provides, in part, that as the petitioner, Ms. Vogt's brief "must contain an argument clearly exhibiting the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error." *See State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621

---

[3] Specifically, under the assignments of error section of her brief, Ms. Vogt lists fourteen errors, which largely consist of streams of consciousness, self-serving statements relating to her displeasure with outcomes in these various cases, and Ms. Vogt's interpretations of the facts in the present case, without providing a discernable statement related to the actual error alleged. Ms. Vogt also argues errors in the argument section of her brief that contain vastly altered language, and that do not parallel the order of her assignments of error section.

(1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal."); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (explaining that appellate courts frequently refuse to address undeveloped, perfunctory, or cursory arguments on appeal).

However, we are mindful that "[w]hen a litigant chooses to represent [themselves], it is the duty of the [court] to insure fairness, allowing reasonable accommodations for the pro se litigant so long as no harm is done an adverse party[.]" *Bego v. Bego*, 177 W. Va. 74, 76, 350 S.E.2d 701, 703 (1986). Thus, we will only address the issues that we find comprise the crux of Ms. Vogt's appeal. Upon review, we have determined those issues are that the circuit court erred by (1) dismissing the case with prejudice and (2) imposing sanctions of a monetary penalty and prefiling injunction against her.[4]

We first address the circuit court's *sua sponte* dismissal of Ms. Vogt's complaint with prejudice. We apply the same standard of review as our state's highest court:

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 2, *Walker v. W. Va. Ethics Comm'n,* 201 W.Va. 108, 109, 492 S.E.2d 167, 168 (1997); *Shenandoah Sales & Serv., Inc. v. Assessor of Jefferson Cnty.*, 228 W. Va. 762, 766, 724 S.E.2d 733, 737 (2012) (applying standard of review to circuit court's *sua sponte* dismissal of case).

In this case, we review the circuit court's ultimate dismissal for an abuse of discretion, the circuit court's factual findings for clear error, and the application of res judicata and collateral estoppel *de novo*. The circuit court's order dismissed Ms. Vogt's complaint with prejudice finding, that all of Ms. Vogt's claims were barred by the doctrines of res judicata and collateral estoppel. Thus, we start our analysis by distinguishing these two legal principles. First, with respect to res judicata, also known as claim preclusion, we apply the following three-factor test:

---

[4] Ms. Vogt's brief opines that there are three cases under consideration in this appeal, viz. Civil Action Nos. 21-C-412, 22-C-49, and the present case. However, this is inaccurate. The only case on appeal is the present case, Civil Action No. 22-C-214. It is the only case over which we have jurisdiction. Further, this appeal is limited solely to the circuit court's August 24, 2022, order which dismissed the case with prejudice and imposed sanctions. Therefore, we will not entertain any argument which is not related to the case and order presently on appeal.

Before the prosecution of a lawsuit may be barred on the basis of *res judicata*, three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

Syl. Pt. 4, *Blake v. Charleston Area Med. Ctr., Inc.,* 201 W.Va. 469, 471, 498 S.E.2d 41, 43 (1997). Whereas collateral estoppel, otherwise known as issue preclusion, involves the application of a four-part test:

Collateral estoppel will bar a claim if four conditions are met: (1) The issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Syl. Pt. 1, *State v. Miller*, 194 W. Va. 3, 6, 459 S.E.2d 114, 117 (1995). After considering the litigation history, the parties involved, the claims raised, and the disposition of those cases, we find that the doctrines of res judicata and collateral estoppel preclude litigation of all the causes of action and claims raised by Ms. Vogt in this case.

In that respect, we first consider the parties in this case to those in the parties' prior litigation. Res judicata requires that the prior and current litigation must involve the same parties or parties in privy. While collateral estoppel merely requires the party against whom the doctrine is invoked to have been a party. We find that these factors are met in this case. Macy's Retail Holdings, Inc.; Macy's Logistics and Operations; and Macys.com, LLC are the defendants in this case, as well as the defendants named in Civil Action Nos. 22-C-49, 21-C-412, and 20-C-125. Therefore, this res judicata factor has been satisfied. Moreover, because Ms. Vogt, the party against whom the doctrine of collateral estoppel was invoked, was the plaintiff throughout, this factor is met under collateral estoppel.

We also must consider the causes of action (or claims) raised. The doctrine of res judicata requires that a cause of action either must be identical to the cause of action in the prior action or must be a cause of action that could have been resolved, had it been presented, in the prior action. Conversely, the doctrine of collateral estoppel requires that the claim in the present case be identical to the claim presented in the prior litigation. We find that the claims presented in this case, constructive discharge, negligence, and breach of contract are identical to those causes of actions previously decided in Civil Action Nos.

7

22-C-49, 21-C-412, and 20-C-125. To the extent the claims are not identical, they are all claims that could have been brought and resolved in those actions. Thus, we conclude this requirement has been satisfied under both doctrines.

Our final consideration is whether there was ruling on the merits in the prior action by a court of competent jurisdiction. As previously established, all the prior cases were dismissed on Macy's motion either through application of res judicata, collateral estoppel, or an applicable statute of limitations.[5] Critically, these orders were either not appealed, or Ms. Vogt's appeals were unsuccessful. As such, because those orders are now final, they constitute final adjudications on the merits with respect to the application of res judicata and collateral estoppel in this case. We further conclude that there is nothing within the procedural history of these cases, nor in the appellate record, to suggest that Ms. Vogt did not have a full and fair opportunity to litigate the issues in those prior actions. Therefore, we find the circuit court's application of the doctrines of res judicata and collateral estoppel was not clearly erroneous, and that the circuit court did not abuse its discretion in dismissing the present case with prejudice.

Next, we address the circuit court's imposition of sanctions. We first note our standard of review, that an appellate court "reviews a trial court's assessment of sanctions under an abuse of discretion standard." *Davis ex rel. Davis v. Wallace*, 211 W. Va. 264, 266, 565 S.E.2d 386, 388 (2002). Addressing the circuit court's sanctions, Ms. Vogt makes several arguments, which we will address in turn.

First, while Ms. Vogt admits that the present case and Civil Action No. 22-C-49 are essentially identical, she argues that when the circuit court dismissed the latter as to Ms. Bonhoff without prejudice on July 18, 2022, it converted the circuit court's earlier June 27, 2022, order, which dismissed the claims against the Macy's defendants and Mr. Snider with prejudice, to a dismissal without prejudice that permitted Ms. Vogt to refile the case. However, we find no merit in this argument. Ms. Vogt failed to cite any legal authority to support this assertion. *See* W. Va. R. App. P. 10(c)(7). Also, as previously set forth, Civil Action No. 22-C-49 is not before this Court. Moreover, the court's orders in that case were not appealed, the appellate timelines have expired, and they have now become final orders. Therefore, we decline to entertain Ms. Vogt's argument in this regard because she essentially seeks for this Court to rule on the merits of the dismissal orders in Civil Action No. 22-C-49, a case that has reached finality and over which we do not have jurisdiction.

Next, Ms. Vogt argues that the circuit court's sanctions were based on the improper finding that Ms. Vogt's explanation for her actions was incredible. Regarding credibility

---

[5] We note that Ms. Vogt argues, in part, that the statute of limitations should not have precluded her litigation in various cases because tolling applied. However, those cases are not on appeal before this Court, and the circuit court's dismissal in this case was based upon res judicata and collateral estoppel. Therefore, we will not address that argument.

8

determinations, our state's highest court has recognized that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997). Here, the circuit court was present during the hearing and was in the best position to observe Ms. Vogt. Although Ms. Vogt urges this Court to reach a different conclusion regarding her credibility, we decline to revisit the circuit court's assessment.

Ms. Vogt also avers that the sanctions do not fit the circumstances because she has always acted in good faith, and that any wrongdoing in the case should be attributed to Macy's counsel. In support, Ms. Vogt argues that Rule 16(f) of the West Virginia Rules of Civil Procedure only permits sanctions:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith[.]

W. Va. R. Civ. P. 16(f). It is Ms. Vogt's position that all her actions have been within her legal rights, that her refiling of pleadings in circuit court was due to what she views as Macy's repeated and questionable removals to federal court and did not equate to malicious conduct on her part. Rather, Ms. Vogt opines that Macy's acted in bad faith, that the sanctions imposed on her constitute a double standard, and that they were unwarranted.[6] Ms. Vogt further argues that the West Virginia Constitution guarantees self-represented litigants the fundamental right of access to our courts, and that the circuit court's sanctions infringe upon her rights in that regard.

We find that Ms. Vogt's reliance on Rule 16 of the West Virginia Rules of Civil Procedure is misplaced. As made clear from the circuit court's order, its imposition of sanctions was based on the application of Rule 11 instead of Rule 16. Rule 11(b) provides:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purpose, such

---

[6] Ms. Vogt claims that Macy's and its counsel were malicious for various reasons, which included: repeated removals to federal court that resulted in Ms. Vogt having to learn and understand both state and federal laws; alleged misconduct during the arbitration proceedings; and alleged misconduct before the federal court. However, these claims have no bearing on our ruling herein.

as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

W. Va. R. Civ. P. 11(b). Further, Rule 11(c) states that if after providing notice and an opportunity to be heard, a court determines that a party has violated the provisions of Rule 11(b), it may impose appropriate sanctions as follows:

A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated . . . . [T]he sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation. (A) Monetary sanctions may not be awarded against a represented party for a violation of [Rule 11] (b)(2). (B) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

W. Va. R. Civ. P. 11(c)(2).

While Ms. Vogt spends most of her argument on the singular issue of bad faith, we find that the circuit court's order does not make this specific finding, nor do we find the language of Rule 11 to necessarily state that bad faith is part of the analysis when imposing sanctions. Rather, with respect to Rule 11 our Supreme Court of Appeals has noted:

An important purpose of Rule 11 of the West Virginia Rules of Civil Procedure is to prevent frivolous lawsuits or lawsuits filed for an improper purpose. The purpose of Rule 11 and Rule 37 of the West Virginia Rules of Civil Procedure is to allow trial courts to sanction parties who do not meet minimum standards of conduct in a variety of circumstances. Rule 11 with its possible sanctions deters much frivolous litigation (thereby conserving judicial resources), compensates the victims of vexatious litigation, and educates the bar about appropriate standards of conduct.

10

*Davis*, 211 W. Va. at 267, 565 S.E.2d at 389 (citations, internal quotations, and footnotes omitted). Further, when a court contemplates the imposition of a Rule 11 sanction, *Davis* set forth the following guidance:

> In formulating the appropriate [Rule 11] sanction, a court shall be guided by equitable principles. Initially, the court must identify the alleged wrongful conduct and determine if it warrants a sanction. The court must explain its reasons clearly on the record if it decides a sanction is appropriate. To determine what will constitute an appropriate sanction, the court may consider the seriousness of the conduct, the impact the conduct had in the case and in the administration of justice, any mitigating circumstances, and whether the conduct was an isolated occurrence or was a pattern of wrongdoing throughout the case.

*Id.* (citations omitted). However, a circuit court's sanction powers must be exercised with restraint and discretion because the primary aspect of a circuit court's discretion is the ability to fashion an appropriate sanction for conduct that abuses the judicial process. *See Bartles v. Hinkle*, 196 W. Va. 381, 389, 472 S.E.2d 827, 835 (1996).

Here, the sanctions were a $1,000 monetary penalty and the imposition of a prefiling injunction. Upon review, we find no abuse of discretion in the monetary penalty imposed upon Ms. Vogt. The record establishes that in July 2022, the circuit court, in lieu of granting Macy's request for a prefiling injunction, elected to utilize a lesser alternative by forewarning Ms. Vogt that future vexatious conduct against Macy's would result in a court sanction. Likewise, in its order the circuit court stated that at minimum, a monetary sanction would be imposed. Thus, when the present case was filed, the circuit court, in compliance with the requirements of Rule 11, provided Ms. Vogt with notice and an opportunity to be heard. After hearing Ms. Vogt's argument, the circuit court found sanctions were appropriate because it was apparent that Ms. Vogt had engaged in a serious, wholesale pattern of conduct that negatively impacted the administration of justice; that there were no mitigating factors to justify Ms. Vogt's repeated litigious conduct towards Macy's and its privies; and that absent court intervention, Ms. Vogt was unlikely to cease such conduct in the future. This rationale was then formally enumerated in the circuit court's August 24, 2022, order. Upon review, we find the reasoning set forth by the circuit court clearly supports its imposition of the monetary sanction, and, therefore, we decline to find that the circuit court abused its discretion by sanctioning Ms. Vogt with the $1,000 penalty.

As a final matter, we turn to the prefiling injunction implemented by the circuit court. While Ms. Vogt correctly observed that our state's constitution affords her a basic and fundamental right of access to our courts, Ms. Vogt must understand that this right is not without limitation. *See Mathena v. Haines*, 219 W. Va. 417, 422, 633 S.E.2d 771, 776 (2006) ("While access to courts is a recognized fundamental right, it is also a commonly

recognized principle that such right of access is not without limitations."); *State ex rel. James v. Hun*, 201 W. Va. 139, 141, 494 S.E.2d 503, 505 (1997) (The "right of meaningful access to the courts is not completely unfettered."). Moreover, "a court has inherent power to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction." *See* Syl. Pt. 3, *State ex rel. Richmond Am. Homes of W. Va., Inc. v. Sanders*, 226 W. Va. 103, 105, 687 S.E.2d 139, 141 (2010) (quoting Syl. Pt. 3, *Shields v. Romine*, 122 W. Va. 639, 640, 13 S.E.2d 16, 17 (1940)) (internal quotations and citations omitted).

With that said, courts clearly have the authority to restrict a litigant's right to his or her day in court. Therefore, we find that the circuit court had the authority to impose a prefiling injunction upon Ms. Vogt. However, our inquiry does not stop there. Our next inquiry is whether the circuit court's injunction, as written, is "limited to what is sufficient to deter repetition of such conduct." *See* W. Va. R. Civ. P. 11(b). In this respect, we are mindful that "[a]ny order limiting a [litigant]'s access to the courts must be designed to preserve his right to adequate, effective, and meaningful access to our courts." *Mathena*, 219 W. Va. at 418-419, 633 S.E.2d at 772-773, syl. pt. 5, in part. In other words, a court may only impose those restrictions that are both necessary and reasonably calculated to address specific conduct without completely depriving a litigant of his or her right to access the courts.

As previously noted, the circuit court's injunction in this case prohibited Ms. Vogt from doing the following:

> bringing new civil or administrative actions or appeals in any court, commission, administrative body, agency, or other tribunal without first noticing the opposing parties and obtaining leave from the Court, or by obtaining a review and signature from a licensed, practicing West Virginia attorney who certifies the new civil or administrative action or appeal is not filed in violation of Rule 11 of the West Virginia Rules of Civil Procedure.

Here, we find that the circuit court's order contains sufficient findings of facts and conclusions of law to support its conclusion that the imposition of some form of a prefiling injunction against Ms. Vogt was warranted, and we agree with the imposition of an injunction. We also find that the requirements of pre-suit notice, court approval, and attorney verification are reasonable limitations. However, upon review, we must conclude that the breadth of the circuit court's injunction is overly broad. As written, this injunction imposes an all-encompassing, unfettered restriction on Ms. Vogt's right to file any civil action before any court, agency, or tribunal. We find that such sweeping restrictions are not necessary, nor reasonably calculated to address Ms. Vogt's specific conduct while still providing her with adequate, effective, and meaningful access to our courts. Therefore, we find the circuit court abused its discretion, not by finding an injunction was warranted, but by imposing one without limitation.

The evidence of this case rests solely on the litigious history between Ms. Vogt and Macy's and its privies. For that reason, the circuit court's injunction must necessarily be limited to Ms. Vogt's actions against Macy's and its privies. We find that this limitation would adequately address Ms. Vogt's conduct viewed by the circuit court to be vexatious, while also preserving her right to access the courts. Moreover, it would conserve judicial resources by abating Ms. Vogt's ability to bring further litigation against Macy's and its privies without first meeting the circuit court's conditions to ensure any future causes of actions are meritorious. Therefore, we reverse the prefiling injunction contained in the circuit court's order and remand the matter to the circuit for entry of an amended order, limiting the prefiling injunction to Macy's and its privies, consistent with this decision.

For these reasons, the circuit court's order is affirmed, in part, and reversed, in part, and this matter is remanded to the circuit court for entry of an amended order, consistent with this decision.

Affirmed, in part, Reversed, in part, and Remanded.

**ISSUED:** June 15, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen